**FILED**

**August 12, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 10:03 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | |
|---|---|
| **JOHNNY MULLINS,** ) | **Docket No.: 2016-03-0450** |
| **Employee,** ) | |
| ) | |
| **v.** ) | **State File No.: 25940-2016** |
| **CONSOLIDATED NUCLEAR** ) | |
| **SECURITY, LLC,** ) | **Judge Pamela B. Johnson** |
| **Employer,** ) | |
| **And** ) | |
| **AIG INSURANCE COMPANY,** ) | |
| **Carrier.** ) | |
| ) | |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS
### (File Review Only)

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing (REH) filed by the Employee, Johnny Mullins, pursuant to Tennessee Code Annotated section 50-6-239 (2015). Mr. Mullins requested that this Court issue a ruling on his REH based on a review of the documents in the file, pursuant to Rule 0800-02-21-.14(1)(c) (June, 2015) of the Tennessee Compilation Rules and Regulations. The Employer, Consolidated Nuclear Security, LLC (CNS), and its carrier, AIG Insurance Company, voiced no objection. On July 25, 2016, the Court sent a Docketing Notice to the parties regarding the contents of the record and gave the parties until August 3, 2016, to voice any objection to the documents contained in the record and/or file a position statement. Neither party raised any objection to the documents contained in the record nor filed a position statement. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes it needs no further information to render judgment.

The central legal issue is whether Mr. Mullins is entitled to medical benefits for his alleged work-related bilateral hearing loss.[1] (T.R. 1.) For the reasons set forth below, the Court finds that Mr. Mullins presented sufficient evidence to demonstrate he is likely

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

to prevail at a hearing on the merits. Accordingly, his request for medical benefits is granted at this time.

## History of Claim

Upon review of the record, the Court notes that Mr. Mullins is a fifty-six-year-old resident of Roane County, Tennessee, who worked for CNS as a chemical operator. In his Petition for Benefit Determination (PBD) filed May 9, 2016, Mr. Mullins alleged he suffered "gradually occurring bilateral sensorineural hearing loss from exposure to continuous loud noise and organic solvents over a lengthy period of time." (T.R. 1.) He reported his alleged work injury to CNS, who completed an "Injury/Illness Data Collection" form on March 24. (Ex. 1.) In the injury report, it was noted:

> Employee has expressed concerns over health issues that are possibly related to the long term exposure to a solvent or combination of solvents that are used in the facility. The seals on the storage tanks are leaking, and have been leaking for 8-10 years. At that time, there was not a respiratory protection requirement for working on routine task in the pressure vessel area. Recently, Industrial Hygiene acquired a new piece of instrumentation that provides direct readings. Industrial Hygiene was monitoring in the pressure vessel area twice a day. As of 3/22/16, Industrial Hygiene is not required to monitor because the levels have increased to the point where the entire pressure vessel area is a respirator area. A new style of seal was installed 2-3 weeks ago to try to repair the leak. The new seals did not work and the old style seals were put back in place to keep the facility running and schedules maintained.

*Id.*

After filing the PBD, CNS provided Mr. Mullins with a panel of physicians and he selected Dr. Richard Schultz on May 30, 2016. (T.R. 3-4; Ex. 2.) CNS previously provided Mr. Mullins with a panel of physicians following an alleged January 6, 2015 hearing loss claim, and he selected and treated with Dr. Mark Overholt.[2] *Id.* Following Mr. Mullins's selection of Dr. Schultz from the May 2016 panel, CNS's carrier denied the selection and notified Mr. Mullins that he was required to treat with Dr. Overholt. *Id.*

Mr. Mullins seeks an order allowing him to treat with Dr. Schultz for his alleged

---

[2] CNS filed with the Mediation Specialist the purported records of Dr. Overholt with an August 10, 2015 date of service. (Ex. 3.) The medical records do not contain the signature of the treating physician or a medical certification as required by Rule 0800-02-21-.16(6)(b) (June, 2015) of the Tennessee Compilation Rules and Regulations. However, Mr. Mullins did not object to the inclusion of the medical records. Despite no objection raised, this Court finds that the medical records—with a date of service predating the alleged March 2016 hearing loss claim – do not assist the trier of fact on the issue before it.

March 2016 hearing loss claim and further seeks assessment of penalties against CNS for its refusal to accept Mr. Mullins's selection of Dr. Schultz as the authorized treating physician.[3]

## Findings of Fact and Conclusions of Law

The Court now turns to the legal principles it must apply to grant or deny Mr. Mullins the medical benefits he requests. Mr. Mullins need not prove every element of his claim by a preponderance of the evidence in order to recover medical benefits at an Expedited Hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits in proving entitlement to medical treatment. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015).

This lesser evidentiary standard does not relieve Mr. Mullins of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an Expedited Hearing, but "allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). In analyzing whether he met his burden, the Court will not remedially or liberally construe the law in his favor, but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Mr. Mullins nor CNS or its carrier. *See* Tenn. Code Ann. § 50-6-116 (2015).

The term "injury" is defined as "an injury by accident, or cumulative trauma conditions including hearing loss, . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the *need for medical treatment* of the employee." *McCaffery v. Cardinal Logistics*, No. 2015-08-0218, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *8-9 (Tenn. Workers' Comp. App. Bd. Dec. 10, 2015) (emphasis added); *see also* Tenn. Code Ann. § 50-6-102(14) (2015). For an injury to be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." *Id.*; *see also* Tenn. Code Ann. § 50-6-102(14)(A) (2015).

In the present case, Mr. Mullins alleged in his PBD that he suffered "gradually occurring bilateral sensorineural hearing loss from exposure to continuous loud noise and

---

[3] In support of the REH, Mr. Mullins's attorney filed an affidavit. (T.R. 10-11.) CNS did not object to the affidavit of Mr. Mullins's counsel. While the attorney's affidavit technically complies with Rule 0800-02-21-.14(1)(a) (June, 2015) of the Tennessee Compilation Rules and Regulations, this Court finds the affidavit of an attorney to be of no value as the attorney derived his knowledge of the facts asserted from his client. This Court finds that the best evidence of the facts asserted are best introduced through an employee, not his/her attorney.

3

organic solvents over a lengthy period of time." (T.R. 1.) In the March 24, 2016 injury report, Mr. Mullins more specifically noted in part:

> Employee has expressed concerns over health issues that are possibly related to the long term exposure to a solvent or combination of solvents that are used in the facility. The seals on the storage tanks are leaking, and have been leaking for 8-10 years.

(Ex. 1.) As such, this Court finds Mr. Mullins detailed "a specific incident, or set of incidents . . . identifiable by time and place of occurrence."

As a result of the above finding, this Court must now determine whether Mr. Mullins is entitled to medical benefits for his alleged March 24, 2016 work-related bilateral hearing loss. The Workers' Compensation Law requires employers to furnish, free of charge to the injured employee, medical treatment made reasonably necessary by the work-related accident. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A) (2015). The law further states that, where an employee suffers an injury and expresses a need for medical care, "the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2015).

Here, CNS provided Mr. Mullins with a panel of physicians and he selected Dr. Richard Schultz on May 30, 2016. (T.R. 3-4; Ex. 2.) Following Mr. Mullins's selection of Dr. Schultz from the May 2016 panel, CNS's carrier denied the selection and notified Mr. Mullins that he was required to treat with Dr. Overholt, whom he previously selected from a January 2015 panel for a prior alleged date of injury. *Id.*

As cited above, the Workers' Compensation Law requires an employer to provide a panel to an injured employee upon notification of a work injury. The employer may not choose to avoid the statutory panel provision by authorizing treatment with a physician selected by the injured employee in a prior workers' compensation claim. Therefore, as a matter of law, this Court finds that Mr. Mullins demonstrated that he is likely to prevail at a hearing on the merits on the issue of entitlement to medical benefits, and holds that he is entitled to medical benefits at this time. Accordingly, CNS shall authorize an appointment with Dr. Schultz, who shall be the authorized treating physician for the March 24, 2016 hearing loss claim.

**IT IS, THEREFORE, ORDERED** as follows:

1. Medical care for Mr. Mullins's March 24, 2016 hearing loss claim shall be paid by CNS or its carrier, AIG, as required by Tennessee Code Annotated section 50-6-204 (2015), to be initiated by CNS or AIG authorizing an appointment with Dr.

4

Schultz, who shall be the authorized treatment physician. Mr. Mullins or the medical providers shall furnish medical bills to CNS or AIG.

2. This matter is set for an Initial (Scheduling) Hearing on **October 26, 2016, at 9:00 a.m. Eastern Time**. The parties must call 865-594-0091or toll free at 855-543-5041 to participate in the Initial Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov or by telephone at (615) 253-1471 or (615) 532-1309.

**ENTERED this the 12th day of August, 2016.**

**HON. PAMELA B. JOHNSON**
**Workers' Compensation Judge**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

5

4. The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Technical Record:
- Petition for Benefit Determination, filed May 9, 2016;
- Employee's Objection to Dispute Certification Notice, filed June 9, 2016;
- Dispute Certification Notice, filed June 17, 2016;
- Request for Expedited Hearing, filed July 5, 2016; and
- Affidavit of Attorney John Agee, dated July 5, 2016.

The Court reviewed the entire case file in reaching its decision. Specifically, the Court reviewed and relied upon the following documents, marked as exhibits for ease of reference:

Exhibits:
- EXHIBIT 1: Injury/Illness Data Collection;
- EXHIBIT 2: Employee's Choice of Physician, Forms C-42; and
- EXHIBIT 3: Medical Report of Dr. Mark Overholt.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 12th day of August, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| John D. Agee, Esq., Employee's Counsel | | | X | jda@ridenourlaw.com |
| Landon Lackey, Esq., Employer's Counsel | | | X | Landon.Lackey@cns.doe.gov |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

7